ALD-087                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3380
_____

IN RE:  KALLEN E. DORSETT, JR.,
                                                     Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civil. No. 5-12-cr-00401-001)
District Judge: Honorable Joseph F. Leeson

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 28, 2017
Before:  MCKEE, VANASKIE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Kallen Dorsett filed this mandamus petition pursuant to 28 U.S.C. § 1651, seeking

an order directing the District Court to rule on his pro se motion to vacate his sentence

under 28 U.S.C. § 2255.  For the following reasons, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2012, Dorsett pleaded guilty to various drug and weapons offenses in the United States District Court for the Eastern District of Pennsylvania. Pursuant to the plea agreement Dorsett waived his right to appeal or collaterally challenge his convictions.

On March 3, 2015, Dorsett filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Government filed a motion to dismiss, seeking to enforce the collateral challenge waiver. In response, Dorsett sought to amend his § 2255 motion to add additional claims. The Government again sought to dismiss the motion. Dorsett then filed a motion for discovery which the Government opposed. On March 6, 2017, Dorsett filed his reply to the Government's motion to dismiss. During these proceedings, the matter was assigned to the Honorable James Knoll Gardner, who had diligently been ruling on requests for extension of time, requests to file documents under seal, as well as motions to unseal documents. On May 24, 2017, the matter was administratively assigned to the Honorable Legrome Davis and on October 11, 2017, it was again administratively reassigned to the Honorable Joseph F. Leeson, Jr.

On November 1, 2017, Dorsett filed a mandamus petition. Dorsett objects to the delay in the adjudication of his § 2255 motion. Under 28 U.S.C. § 1651, we may "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show that he has a clear and indisputable right to the writ and no other adequate means to obtain the relief desired. See Haines v. Liggett

2

Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). "[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Any delay in adjudicating Dorsett's petition does not warrant mandamus relief in this case. Dorsett's petition has been ripe for resolution since the filing of his reply on March 6, 2017. Since then, however, the District Court has administratively reassigned the matter twice and the matter had only been pending before the Honorable Joseph F. Leeson, Jr. for less than a month before Dorsett filed the present petition. We do not believe that the delay in ruling on the petition is so lengthy that it is "tantamount to a failure to exercise jurisdiction." See Madden, 102 F.3d at 79. We are confident that the District Court will rule on the petition without undue delay.

For the foregoing reasons, we will deny the petition for a writ of mandamus.